**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| SANDRA DAVIS,<br><br>Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | No. C15-4002-LTS<br><br>**MEMORADUM OPINION AND ORDER ON REPORT AND RECOMMENDATION** |

_____

## I. INTRODUCTION

This case is before me on a Report and Recommendation (R&R) filed on October 29, 2015, by the Honorable Jon Stuart Scoles, Chief United States Magistrate Judge. *See* Doc. No. 13. Judge Scoles recommends that I affirm the decision by the Commissioner of Social Security (the Commissioner) denying plaintiff Sandra Davis Social Security Disability benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. § 401 et seq. (Act). Davis filed timely objections (Doc. No. 14) to the R&R on November 12, 2015. The Commissioner then filed a response (Doc. No. 15) to the objections. The procedural history and relevant facts are set forth in the R&R and are repeated herein only to the extent necessary.

## II. APPLICABLE STANDARDS

### A. *Judicial Review of the Commissioner's Decision*

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as

to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis*, 353 F.3d at 645. The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the [Administrative Law Judge (ALJ)], but it [does] not re-weigh the evidence." *Wester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence which supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, if, after reviewing the evidence, the court finds it "possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th

Cir. 2008)). This is true even in cases where the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

### B. Review of Report and Recommendation

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of*

3

*Bessemer City*, 470 U.S. 564, 573 74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III. THE R&R

Judge Scoles found that the ALJ's decision was supported by substantial evidence and, therefore, recommended that it be affirmed. Doc. No. 13. Specifically, Judge Scoles reviewed the ALJ's evaluation of the medical evidence, the ALJ's credibility determination and the hypothetical question posed to the Vocational Expert (VE).

Judge Scoles set out the standards for evaluating the medical opinion evidence as follows:

> An ALJ is required to evaluate every medical opinion he or she receives from a claimant. 20 C.P.R. § 416.927(c). If the medical opinion is not from a treating source, then the ALJ considers the following factors for determining the weight to be given to the non-treating medical opinion: "(I) examining relationship, (2) treating relationship, (3) supportability, (4) consistency, (5) specialization, and (6) other factors." *Wiese*, 552 P.3d at 731 (citing 20 C.P.R. §§ 404.1527(d)). "'It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians. The ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole.'" *Wagner*, 499 P.3d at 848 (quoting *Pearsall v. Massanari*, 274 P.3d 1211, 1219 (8th Cir. 2001)).
>
> An ALJ also has a duty to develop the record fully and fairly. *Cox v. Astrue*, 495 P.3d 614, 618 (8th Cir. 2007); *Sneed v. Barnhart*, 360 P.3d 834, 838 (8th Cir. 2004); *Wilcutts v. Apfel*, 143 P.3d 1134, 1137 (8th Cir.

> 1998). Because an administrative hearing is a non-adversarial proceeding, the ALJ must develop the record fully and fairly in order that "'deserving claimants who apply for benefits receive justice.'" *Wilcutts*, 143 P.3d at 1138 (quoting *Battles v. Shalala*, 36 P.3d 43, 44 (8th Cir. 1994)).

*Id*. at 14. Judge Scoles found that the ALJ properly gave "some" weight to the opinions of Dr. Sunil Bansal, a consultative examining doctor. Judge Scoles stated:

> Having reviewed the entire record, and considered the ALJ's discussion of the objective medical evidence and review of Davis' treatment history, the Court finds that the ALJ properly considered and weighed the opinion evidence provided by Dr. Bansal. Specifically, the ALJ granted Dr. Bansal's opinions "some" weight, and addressed inconsistencies within Dr. Bansal's opinions and the record as a whole. Therefore, the Court concludes that the ALJ properly considered and applied the factors for evaluating a consultative examiner's opinions, and properly granted "some" weight to Dr. Bansal's opinions. *See Wiese*, 552 F.3d at 731. Accordingly, even if inconsistent conclusions could be drawn on this issue, the Court upholds the conclusions of the ALJ because they are supported by substantial evidence on the record as a whole. *Guilliams*, 393 F.3d at 801.

Doc. No. 13 at 16.

Judge Scoles then set out the familiar five factor credibility test from *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), and found that the ALJ's credibility determination was supported by substantial evidence, stating:

> It is clear from the ALJ's decision that he thoroughly considered and discussed Davis' treatment history, the objective medical evidence, her functional restrictions, activities of daily living, work history, and use of medications in making his credibility determination. Thus, having reviewed the entire record, the Court finds that the ALJ adequately considered and addressed the *Polaski* factors in determining that Davis' subjective allegations of disability were not credible. See *Johnson*, 240 F.3d at 1148; see also *Goff*, 421 F.3d at 791 (an ALJ is not required to explicitly discuss each *Polaski* factor, it is sufficient if the ALJ acknowledges and considers those factors before discounting a claimant's subjective complaints); *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir. 2004) ("The ALJ is not required to discuss each *Polaski* factor as long as

> the analytical framework is recognized and considered. *Brown v. Chater*, 81 F.3d 963, 966 (8th Cir. 1996)."). Accordingly, because the ALJ seriously considered, but for good reasons explicitly discredited Davis' subjective complaints, the Court will not disturb the ALJ's credibility determination. See *Johnson*, 240 F.3d at 1148. Even if inconsistent conclusions could be drawn on this issue, the Court upholds the conclusions of the ALJ because they are supported by substantial evidence on the record as a whole. *Guilliams*, 393 F.3d at 801.

Doc. No. 13 at 21. Finally, Judge Scoles applied the appropriate methodology and found that the ALJ's residual functional capacity (RFC) evaluation is supported by substantial evidence, stating:

> In determining Davis' RFC, the ALJ thoroughly addressed and considered Davis' medical history and treatment for her complaints. The ALJ also properly considered and thoroughly discussed Davis' subjective allegations of disability in making his overall disability determination, including determining Davis' RFC. Therefore, having reviewed the entire record, the Court finds that the ALJ properly considered Davis' medical records, observations of treating and non-treating physicians, and Davis' own description of his limitations in making the ALJ's RFC assessment for Davis. *See Lacroix*, 465 F.3d at 887. Furthermore, the Court finds that the ALJ's decision is based on a fully and fairly developed record. *See Cox*, 495 F.3d at 618. Because the ALJ considered the medical evidence as a whole, the Court concludes that the ALJ made a proper RFC determination based on a fully and fairly developed record. *See Guilliams*, 393 F.3d at 803; *Cox*, 495 F.3d at 618. The Court concludes that Davis' assertion that the ALJ's RFC assessment is flawed is without merit.

*Id*. at 23.

## IV.  DISCUSSION

### A.  *Davis' Objections*

Davis objects to Judge Scoles' finding that the ALJ properly weighed the medical evidence and contends that the ALJ should have given more weight to Dr. Bansal's opinion. Doc. No. 14. Davis also disputes Judge Scoles' finding that the ALJ properly

considered her credibility. She argues that because those findings are flawed, the RFC finding made by the ALJ is not supported by substantial evidence. Accordingly, she asks that I reject Judge Scoles' recommendation and reverse the ALJ's decision upon my de novo review. *Id*.

B. *The ALJ's Consideration of the Medical Evidence*

Davis' first objection deals with the opinion of Dr. Bansal. Davis argues that the ALJ failed to properly consider Dr. Bansal's opinion and that the opinion supports a finding that she is disabled. In examining Dr. Bansal's report, the ALJ stated:

> [Davis] underwent a May 2011 independent medical exam secondary to her workers compensation claim. She was limited to lifting 20 pounds, with no frequent bending, squatting, climbing, twisting, or kneeling, and frequent position changes, with no standing or walking for longer than 20 minutes (Ex. 12P). This opinion receives some weight. The limitation to "light" lifting and carrying is consistent with other evidence of record and other opinions. However, the limitation to frequent positional changes is not consistent with treating source recommendations nor is it consistent with the limited objective findings reflected in the record, including no reduction of strength or range of motion and normal gait.

Administrative Record (AR) 37. Judge Scoles found that the ALJ properly considered and weighed Dr. Bansal's opinions. Specifically, Judge Scoles noted that the ALJ gave those opinions "some" weight after addressing inconsistencies between Dr. Bansal's opinions and the record as a whole. For instance, Dr. Bansal opined that Davis would often need to frequently change positions. However, the ALJ noted that "[t]he content of the treatment notes does not suggest any reports of significant limitations such as inability to sit or stand more than briefly . . ." AR 36. That finding is supported by medical evidence, such as Dr. May's statement that "[Davis'] allegation that sitting is limited to just 20 minutes is not supported by the MER, which erodes the credibility of this allegation." AR 108. Accordingly, Judge Scoles concluded that the ALJ properly considered and applied the factors for evaluating a consultative examiner's opinions, and

7

properly afforded only "some" weight to Dr. Bansal's opinions. Based on my *de novo* review, I agree with Judge Scoles that the ALJ's evaluation of the medical evidence is supported by substantial evidence in the record as a whole. I therefore overrule Davis' objection to that portion of the R&R.

## C. *Credibility Determination*

Davis next argues that Judge Scoles erred in evaluating the credibility of her subjective complaints. As I discussed above, Judge Scoles found that ALJ thoroughly considered and discussed Davis' treatment history, the objective medical evidence, her functional restrictions, activities of daily living, work history, and use of medications in making his credibility determination. Judge Scoles found that the ALJ seriously considered, but for good reasons discredited, Davis' subjective complaints. Davis argues that her subjective complaints are supported by substantial evidence and that both the ALJ and Judge Scoles erred by not considering testimony and evidence related to her somatization disorder. As set out in her objections:

> A somatization disorder explains a lack of objective medical support and must be addressed by the ALJ before relying on a lack of objective medical support to discredit the claimant. . . In order to fully and fairly develop the record, should Dr. Bansal's opinions be rejected, a psychiatrist's opinion is needed to establish how somatization affects Davis's ability to work. . . The ALJ[] additionally erred by not addressing how somatization affected the ALJ's evaluation of Davis's subjective complaints . . . an ALJ should not rely on a lack of objective medical support to find a claimant not credible—which is essentially a finding that the claimant exaggerates his or her symptoms—without discussion of the impact of the claimant's diagnosed somatization disorder. . . This is compounded when fibromyalgia is involved.

Doc. No. 13-1 at 4-6. Davis expanded this argument in her prior brief:

> An ALJ errs by failing to properly consider a somatoform disorder when it is a primary impairment—in such cases, "shortcomings in the objective medical data that support [the claimant's] alleged physical ailments are

8

> irrelevant since [the claimant's] primary disorder, as clinically diagnosed, causes her to exaggerate her physical problems in her mind beyond what the medical data indicate." *Easter v. Bowen*, 867 F.2d 1128, 1130 (8th Cir. 1989). An ALJ may discount subjective complaints of a claimant with somatoform disorder if the ALJ provides an express finding that the claimant's testimony is not credible and explains why. See *Metz v. Shalala*, 49 F.3d 374, 377 (8th Cir. 1995). These cases lead to the following straightforward point: "An 'ALJ cannot simply ignore…medical evidence that [claimant] suffers from pain having its origin in a psychological disorder.'" *O'Donnell v. Barnhart*, 318 F.3d 811, 818 (8th Cir. 2003) (quoting *Reinhart v. Secretary*, 733 F.2d 571, 572–73 (8th Cir. 1984)).

Doc. No. 10 at 17.

Davis argues that because Dr. Theodore Liautaud diagnosed Davis with a somatization pain disorder, the ALJ erred by failing to consider that ailment in crafting the RFC. However, the Commissioner squarely rebutted that argument, stating:

> [P]laintiff for the first time relies upon a single notation of somatoform disorder from a one-time consultative physician that she had ignored until her brief to this Court, and then extrapolates an argument the ALJ's failure to consider an impairment she did allege to cause any limitations requires reversal. But the ALJ generally does not need to develop the record or evaluate impairments that the plaintiff did not allege during the administrative proceedings to contribute to her disability. *See Kitts v. Apfel*, 204 F.3d 785, 786 (8th Cir. 2000), accord *Rye v. Soc. Sec'y. Admin.*, 295 F. App'x 110, 112 (8th Cir. 2008), *Dunahoo v. Apfel*, 241 F.3d 1033, 1039 (8th Cir. 2001).

Doc. No. 11 at 14. The Commissioner is correct that because Davis did not allege a somatoform disorder during the administrative proceedings, the ALJ had no duty to evaluate it. Moreover, as Davis acknowledges in her own brief, a somatoform disorder must be given special consideration when it is a ***primary*** impairment. Doc. No. 10 at 17. There is no serious argument that a disorder mentioned once in the record and not relied upon as a basis for claiming disability is a primary impairment.

What the ALJ did do was analyze Davis' symptoms, her subjective complaints and the objective medical evidence:

9

> The undersigned considered her activities of daily living. . . She reports no difficulty caring for personal needs or preparing simple meals (Ex. 8E). She does no outdoor chores but does light housework with breaks. She shops in a grocery store with assistance of her husband. . . She spends her day watching television, reading, and taking brief, short walks. She testified that many days, she experiences an acute pain flare rendering her bedridden. These activities of daily living are significantly limited and consistent with her allegations. However, they receive limited weight. There is no corroboration for these extreme limitations. One would expect that if she were, at best, so limited that she can do very little throughout the day and, at worst, completely bedridden, she would have made such reports to providers and sought treatment more frequently. Her reports of her activities of daily living are simply not credible when juxtaposed against the backdrop of the entire record.

AR 36-37. In coming to that conclusion, the ALJ pointed to specific information in the record.

> Similarly, her use of treatment methods is inconsistent with her allegations. She underwent physical therapy prior to the alleged onset date, which was successful, but has not participated in physical therapy since her alleged onset date, although there was recommendation therefor (Ex. 5F, p. 1). She has not attempted trigger point or spinal injections. She lost some weight, which is to her credit. However, her allegation that she uses crutches when her lower extremities hurt is not borne out in the medical record. As for medication use, the record is clear that she has had difficulty with numerous pain and fibromyalgia medications, including Lyrica and Cymbalta (Ex. 5F, p. 1). . . However, at a recent appointment, she reported no difficulty with her current medication regimen of tramadol, Neurontin, and hydrocodone, at the dosages they were currently prescribed (Ex. 6F, p. 1).

AR 35-36. In short, the ALJ found that regardless of what impairment was giving rise to her subjective complaints, the medical record as a whole did not support a finding that those complaints existed to the extent Davis claimed they did. Upon my *de novo* review, I agree with and adopt that portion of the R&R in which Judge Scoles found that the ALJ's credibility determination is supported by substantial evidence in the record.

10

Davis also argues that Judge Scoles erred by failing to address (a) her argument regarding somatization disorder and (b) a letter written to her attorney by David Crippin, M.D., dated June 5, 2014. I find no merit to Davis' contention that these issues affect the outcome of her claim. As discussed above, neither the ALJ nor Judge Scoles had a duty to consider the somatoform disorder, but both the ALJ and Judge Scoles considered Davis' subjective complaints. With regard to Dr. Crippin's letter, defendant points out:

> [The letter was] dated nine months after the ALJ issued his decision. Doc. 14 at 6. Neither the agency nor the Court considers evidence related to a period after the ALJ's decision. See *Whitney v. Astrue*, 668 F.3d 1004, 1006 (8th Cir. 2012) (citing *Williams v. Sullivan*, 905 F.2d 214, 216 (8th Cir. 1990)). Further, as the opinion was a conclusion plaintiff was disabled and unemployable, Dr. Crippin's post-decision opinion is not entitled to any special significance because it is an opinion on an issue reserved to the Commissioner. *See* SSR 96-5p, 1996 WL 374183, at *2 (July 2, 1996); see also 20 C.F.R. § 404.1527(e).

Doc. No. 15 at 4-5. I agree. Dr. Crippin's late letter is completely conclusory and infringes on areas reserved to the ALJ. Dr. Crippin wrote:

> Regarding your letter of 6/4/14, you are correct. I did see Sandy and also her husband at the same time. As you know, she struggles with chronic pain and debilitating flare ups of arthritis, etc. As far as I'm concerned, she should be considered totally disabled at this time. Really, I do not have a timeline on how long this will be. It could certainly be long term and without end. She is also seeing Dr. Wisco and I'm hoping he can come up with some medicine to try to help with the pain. As far as diagnosis, it's a little bit hard to define. She certainly has some elements of fibromyalgia and other types of polyarthritis. Unfortunately, these things don't fit much of a disability protocol as far as rating. Clearly from a fatigue, achiness, etc. standpoint she really is unemployable at this time.

AR 8. Dr. Crippin's letter adds nothing to the medical record other than general and unsupported conclusions. Indeed, Dr. Crippin specifically states that a diagnosis is elusive. *Id.* Judge Scoles did not err by failing to expressly address the letter.

## D. *RFC Finding*

Finally, Davis argues that the ALJ's RFC finding is not supported by substantial evidence. However, that argument is premised on her arguments that the ALJ improperly weighed Dr. Bansal's opinions and improperly rejected some of Davis' subjective complaints. As discussed above, neither argument has merit. The ALJ constructed an RFC that is supported by substantial evidence in the record as a whole. Accordingly, I find no error – clear or otherwise. I adopt the R&R in its entirety.

## V. CONCLUSION

For the reasons set forth herein:

1. Davis' November 12, 2015, objections (Doc. No. 14) to the magistrate judge's report and recommendation are **overruled**;

2. I **accept** Chief United States Magistrate Judge Scoles' October 29, 2015, report and recommendation (Doc. No. 13) without modification. *See* 28 U.S.C. § 636(b)(1).

3. Pursuant to Judge Scoles' recommendation:

    a. The Commissioner's determination that Davis was not disabled is **affirmed**; and

    b. Judgment shall enter against Davis and in favor of the Commissioner.

**IT IS SO ORDERED.**

**DATED** this 16th day of March, 2016.

_____
LEONARD T. STRAND
UNITED STATES DISTRICT JUDGE